## No. 7774.

### SARAH LOSEE, TUTRIX, vs. JOHN ORSBORNE, EXECUTOR.

The filing, by an executor, of a list of the debts of a succession, cannot be the basis of a final or conclusive judgment; and the homologation of such list is not such a judgment as can be revived.

APPEAL from the Parish Court of Rapides.    *Thornton,* J.

---

No brief filed for plaintiff and appellee.

R. J. Bowman for defendant and appellant :

First—Because no such thing as a mere list of debts is recognized in law as a basis upon which a judgment can be rendered, nor can the creditor or heirs be cited to sanction or oppose such a proceeding by notice through the public prints, and said pretended homologation as to them is an absolute nullity. 30 An. 702 ; 8 R. 121 ; 2 An. 895 ; 12 An. 268 ; 30 An. 692, 363.

Second—That the homologation of an account is *res judicata* only so far as the funds on hand and proposed to be distributed, is too well settled to be controverted. 9 An. 85 ; 12 An. 96 ; 13 An. 286 ; 10 R. 118 ; 1 An. 92.

There being no funds on hand to distribute, this tableau of debts could not be the basis of a judgment of *res adjudicata.*

Third—Those who are not creditors of a succession cannot oppose the tableau of the administrator. 21 An. 561.

---

The opinion of the court was delivered by

MARR, J. Mrs. Eliza Huie, late of the parish of Rapides, was executrix of the last will of her husband, Josiah Huie. In December, 1866, she

Losee, Tutrix, vs. Orsborne, Executor.

gave a power of attorney to H. S. Losee, to represent her in all business of the estate; and, in 1867, she removed to Texas, whence she did not return, and where she died,

In September, 1868, Losee, as attorney, filed what he styled a "tableau of the debts of succession of Josiah Huie, deceased; together with a petition praying that this tableau be advertised according to law, after which, and the legal delays, that said tableau be duly approved and homologated, and for all further orders necessary, and for general and equitable relief."

This tableau was simply a list of debts, one being for the attorney's fees of Losee, $3000. Opposition was filed by creditors of Mrs. Huie, individually, which was dismissed by the court: " and there being no further opposition    *    *    *    it is hereby ordered, adjudged, and decreed that the tableau of debts presented by said executrix, Eliza Huie, be and the same is hereby approved and homologated, and that the funds of said succession be distributed in accordance therewith." Signed 16th June, 1869.

This suit is brought by the widow in community, and natural tutrix of the minor children of Losee, to have this judgment revived. Orsborne, dative executor of the will of Huie, was cited; and he answered that the judgment of homologation was a nullity; that the statement of debts did not pretend to distribute any funds, or that there were any on hand to be distributed; and, finally, that the said tableau was not filed by the executrix, but by her agent Losee; "and was, virtually, an attempt of an agent to confess judgment in favor of himself as plaintiff."

The parish judge revived the judgment, "to have the same force and effect from this date as when rendered;" and the executor appealed.

The filing of a list of debts might interrupt prescription; but the homologation of it is not a judgment in favor of any creditor; and it cannot be revived. A judgment homologating an account, or a tableau of distribution, is conclusive with respect only to the fund to be distributed; but the mere list or statement of debts cannot be the basis of a final or conclusive judgment.

The judgment appealed from is, therefore, avoided and reversed; and it is now ordered, adjudged, and decreed that plaintiff's petition and writ be dismissed, with costs in both courts.